www.multi-multi.com There was more than substantial evidence presented during the four-week trial of this case to support the jury's finding of infringement and damages. The jury was properly instructed as to the application of the doctrine of equivalence, the last issue that counsel for appellant just raised. The district court properly construed the disputed claim term, outer barrel. And many of the arguments Holland now seeks to raise before this court are directly contrary to the positions that Holland urged before Judge Teelborg below. And Holland has raised a wide range of issues on appeal challenging the jury verdict. And I want to make sure that I respond to all of them. But virtually all of the presentation was directed to the issue about whether Judge Teelborg committed reversible error by not instructing the jury as to the meaning of the claim term, annular rib. I want to clarify that point. It was whether it was reversible error by not construing it for himself. Isn't that what we're told? Well, I think you're told several things. This issue of annular rib comes up several times in Holland's brief. One is that the court committed irreversible error by not construing the term. Another, there are points where Holland argues that the court committed reversible error by not instructing the jury as to that instruction. And then there's also an argument that there is not substantial evidence supporting the finding that the term annular rib is literally met. So I think it comes up in all of those contexts. And in each instance, we believe the overwhelming weight of the record cuts strongly against Holland's position. So I'd like to start first with the question of whether or not Holland took a directly contrary position before Judge Teelborg in this case, and thereby is judicially stopped from arguing now that it was reversible error not to construe the case. Or I'm sorry, not to construe that claim term. At several points during counsel's argument, he claimed that he asked the court to give an instruction on annular rib. He was correct that up prior to trial, we repeatedly took the position that if he was going to be allowed to raise for the first time what we believe to be an untimely infringement claim, it would be necessary to go through a further markman process. The court declined to do that, in part because Holland repeatedly argued the exact position contrary to what it argues now, and told the court that under O2 micro, it was not necessary to construe the term. But probably most importantly, leaving aside whatever developments. Is it your position that the plain and ordinary meaning was appropriate, and that the jury should just be given the plain and ordinary meaning? I'm sorry, I missed the beginning of that. Is it your position or your client's position that the plain and ordinary meaning of annular rib should be used? It was our position when we got to trial that. I'm asking, did you advocate for a particular claim construction? We did not, Your Honor. So it was your position that the plain and ordinary meaning should be used. And I want to make sure I provide the full context. Prior to trial, we took the position that it might be necessary to construe that term in a second markman process. At trial, we acceded to the very position that Holland took, that the jury could apply the plain and ordinary meaning. And the evidence. What's the plain and ordinary meaning? What is the plain and ordinary meaning? Because juries are allowed to apply plain and ordinary meaning when they're capable of assessing the plain and ordinary meaning, and figuring out what it is. Absolutely. And so what is the plain and ordinary meaning of annular rib? The plain and ordinary, we acceded to the position that was taken by their own expert, that the term annular rib is a circular series of projections or crests. So Mr. Leach refers to- It has to be circular. Not a perfect circle, but it has to be circular. Not a perfect circle. It has to go around the circumference of the cable, in this instance. But a square is not circular. Would you agree with that? I'm not saying that's a perfect square, and I'm not saying it has to be a perfect circle. I'm not trying to be extreme. But a square is not a circle. A square is a different shape than a circle. So I think there are two parts, though, that I think it's- You went out on a limb with that one. Let's see if I can get you to go a little further. Is a square circular? A square, the word square, is not circular. OK. The claim term here is not annular. The claim term here that's being addressed is annular rib. The rib is just a projection. No, it's not, Your Honor. In fact, their own expert described that the rib is not a projection. It is a series of projections.  Yes, Your Honor. So the scope- So the series of projections would still have to be annular, right? Because the word annular, read out annular rib and just say- and so annular rib could never have a plain ordinary meaning. It just means any projection regardless of shape. It's a series, as their own witness testified, annular rib is a series of projections going around, or would encompass a series of projections or crests going around the circumference of the cable. And that's exactly what the jury considered. And there was no dispute that was presented. The jury was never- there was no contrary plain ordinary meaning that was ever presented to the jury in this case. Quite to the contrary, again, we acceded to the very position that their expert took on what the plain and ordinary meaning of the term annular rib was. Well, how is the square shape that I see in the picture behind you, an annular rib? Explain to me how the jury could find that was an annular rib. Sure. So let me offer two parts to that. So first of all, Holland's characterization of what's shown here is directly- this is a topic that was discussed at great length at trial. And there was competing testimony on what is exactly shown here. And Judge Teelborg, after reviewing this and in his j-mal, specifically recognized that even in the corners of the, quote, square, there is still- the compression ring still projects inward toward the longitudinal axis. And we can see all that right on the picture, right? Like, it's not a perfect square. The edges aren't 90 degrees. They're angled. Yes, and so even in these areas, there is still an inward projection. So if the term annular rib means a approximately circular series of projections, that's exactly what you have here, a series of crests or projections. So those four corners, right, are a series of projections, maybe, I guess. But what about the straight parts? Well, so- Because you say it has to go all the way around the circumference of the cable. That's what you say, around the circumference of the cable. Those four parts only touch four spots. That's not all the way around the circumference of the table. The compression area, it's not all circular, even if I acquiesce in the idea that the corners have some degree of circularity. So if there is a series, and so one of the terms that their expert described this of was a series of crests, as a plain and ordinary meaning of the term rib. It's right out of the dictionary. That's where it came from. If we were to look at a series of crests going around the circumference, just like a wave crest, necessarily in between those series of crests, there are troughs. And that's exactly that plain- This is the Grand Canyon between two little bumps. It is not, Your Honor, even- Well, let's just look at that picture. I mean, 80% of the distance is straight, and then you have these tiny little curved portions on the end, which represent the corners. So, I mean, this isn't like crests and troughs, unless the trough is 90% of the distance. So as we understand the argument, the lack of the projection they are arguing is here. Not that this area is not helping to form an annular rib. These are a series of projections that are going around the circumference of the cable to do the two things that the claim expressly requires, that it has to fixedly grip the cable, which there was extensive testimony it does, and which it has to also frictionally fix an inner tube that lies within the bore of the outer barrier. So again, given what their expert conceded- Well, that's the function that an annular rib has to perform in the context of this invention, but annular rib is a structural term. And so it has to have the structure that would be conjured up in someone's mind of annular rib. And I mean, I saw the Jamal, and I saw the court focus on whether the jury could have found this square-like shape to be circular enough. That was the way I read the lower court's opinion. Well, so there was, again, there was no dispute presented in front of the jury about what the claim term annular rib meant. They did not offer a contrary testimony. Well, this report, right, and isn't this his opinion at A18, when he says the term annular means circular, annular means ring shape. Rings are ordinarily understood to have circular shapes. Thus, the term annular rib, as used in the 422 patent, has the plain and ordinary meaning that the rib is ring-shaped, forming at least approximate circle around the longitudinal axis of the connector. Well, that's what the district court said in his opinion that we're reviewing, right? Am I missing something? Am I reading, I'm reading to the right place. That's among the right places. And also at page 19, he goes on to talk specifically about the series, this ring-shaped series of projections. Well, he doesn't say ring-shaped, he says square-shaped. Two problems exist, so where? He says that Dr. Whittle had testified that an annular rib would have a quote, and I'm quoting now on appendix 10452, and Dr. Whittle is Holland's expert, that an annular rib would have a quote, annular series of projections in a ring. In a ring. So where are the annular series of projections in a ring in that picture? So this ring goes all the way around the circumference of the cable, and these are the projections formed in a series that go around the circumference of the cable. They're just four projections at sort of almost like the 90 degree points around a circle. So what, those are annular projections in a ring? Yes, Your Honor. They are a ring going around the circle, even in the corners, there is still, again, there was an express finding factually that there is still inward projection, so it's not a square, and it's a series of projections, or as their expert said, a series of crests. And I would say again, that our position is that under the plain and ordinary meaning, as they described it, to have a series of crests requires there to be areas where the crest, where there are parts that are lower than the crest. And so it's a series of projections, and if you were to cut that ring, and you were to flay it open, you would see exactly a series of crests, or a series of projections. Notably, again, I think the primary point being that their expert testified, the plain and ordinary meaning does not require a single projection that uniformly goes around the thing. I don't understand that. It doesn't make any sense to me. Well, I would- How an annular rib can be a series of projections. I get it, that's what the evidence says, but it doesn't make any logical sense that that's the plain and ordinary meaning of annular rib. Circular rib, circular projection. So if I could, Your Honor. I get the evidence says it. I understand that my role is not to second guess the evidence. Well- It came out of his expert's mouth. And these, again, were arguments that were raised. I do want to raise- You could do the same thing with a pentagon or a triangle, too, in the sense that your goal is to make one circle, grip another circle, and compress a third circle within it. And the way you do that is with projections. And you could have three, you could have five, you could have four, you could have 11. Absolutely, Your Honor. And again, what the evidence shows is that there is a continuous projection of varying depths that do go around this. It is that there is no requirement, no requirement that there be a uniform depth or that it has to seal, as they now claim for the first time on reply, that there has to be some sealing or contact at all points around that series of projections. And I would just say, Your Honor, with respect to annular rib, the definition of rib right out of the dictionary, which is why ultimately their expert chose it, is that a rib encompasses a series of projections or crests. That's what the dictionary evidence said, and that's what they testified in trial. I do want to also, though, address this issue about process. Because regardless of what position Holland took up through this apparent change of position that they had during the course of the trial, unequivocally, unequivocally Holland's counsel argued at the final charge conference before this was submitted to the jury that it was not necessary to construe the term annular rib or instruct the jury. And I want to, and this I think is a key point in this, so if you'll bear with me, at Appendix A-10714, the final charge conference after all witnesses and all presentation and we're getting ready to go to the jury, Ms. Holland's counsel argued if the court were ever inclined to decide that the word annular needs to be construed, I suppose now would be the time to suggest that the court instruct the jury that it means circular. But he went on, the very next sentence, quote, I don't think that it needs to be construed. I think it's a word that has its ordinary everyday meaning. Circular. At that point, well, so what he argued, although he referred, Your Honor, to the term annular rib, he ignores the rib part. No. He wants to argue what annular means. Annular is something that goes around the circumference of this round structure that's the cable. The part that he chooses to ignore and that his own expert testified has a plain ordinary meaning of rib is a series of projections. Where does that come from? Like I'm sitting here on Google and rib is each individual bump in a series of bumps. But the rib is singular. I mean, I understand. It's their expert that said it. So, you know, they've got to live and die by their own evidence, but it doesn't make any sense. Well, I would say that there are. It makes sense to you? Well, you'll explain to me later. So again, what he argued is that the rib is not individual parts, but unequivocally testified it encompasses a series. Ribbed would be a series, right? R-I-B-B-E-D. Ribs would be a series. But rib singular doesn't feel like a series to me. It feels like one, like one bone. Anyway. Well, what I can, all I can- It has to be circular. That one bone is circular, but anyway. Okay, but let's wrap it up. One last word. Yes, so that's the position that was taken by that expert. That's the position that was taken by our expert about what the meaning is. And that's the plain ordinary meaning, the only one presented to the jury. There was no dispute presented to the jury about what these terms mean because we acceded to their own position. And with that, I'll stand on my briefs on the rest of the points. Thank you, Mr. Larus. Mr. Leach, we've run over. We have a larger rebuttal time. All right. Your Honor, the problem in this case, although the defendant's expert testified on direct that annular rib means circular, and I refer you to A10281, A1074. The evidence about this series of projections, this nonsense, which was in his expert report, which the defendant didn't adopt, was put before the jury by the patentee on cross-examination. That was improper. If they wanted to challenge the court to construe annular rib in this weird manner, they should have presented that to the court. Is it improper to cross-examine your expert about his testimony? Because it was the meaning of a claim term, which is the sole province of the court to construe. They could have crossed-examined in front of the court, but they shouldn't have put that evidence in front of the jury. And that claim term is annular. Annular rib. You didn't mention annular rib in your discussion with the court. I'm sorry. You mean where, well, look, there was a trial brief that was filed at footnote one in the record at A9721, where Holland asked the court that if a term needed instruction, the jury should be told that annular means circular. I think you're right. We said annular means circular. So annular rib means circular rib. And I think our position was circular rib, and we thought it was undisputed until they bring out this evidence that the defendant- That's right. That's the meaning. That's right, but that's not, they shouldn't be cross-examining an expert in front of the jury about the meaning of a claim term. They were cross-examining him about the ordinary meaning of the term, which up until that moment had been undisputed because all the parties had agreed that annular rib means circular rib. I think the plaintiff's expert didn't say that. Oh, the plaintiff's expert said it basically circular. I can give you the citation, Your Honor. Patentees agreed on cross-examination that basically circular structure A10279. Say that again, 10- 10279, the plaintiff's expert said, on cross-examination, basically circular structure forming a radial rib around the outer peripheral. At A10279, he said basically circular around the outside. So if it's not proper to argue claim construction before the jury, I respectfully submit it's not proper to cross-examine the other side's expert about what claim terms mean in front of the jury. That's exclusively the province of the court. Anything else for Mr. Lynch? Anything else? Thank you, thank you both. The case is taken under submission. That concludes the argued cases for this panel this morning. All rise. The honorable court is adjourned until tomorrow morning. It's at o'clock a.m.